# IN THE UNITED STATES DISTRICT COURT
### *for the*
## SOUTHERN DISTRICT OF IOWA
### EASTERN DIVISION

|  |  |
|---|---|
| **LANNETTE M. RICHARDSON** *and* **MIKEKENA B. RICHARDSON,** <br> *Plaintiffs,* <br><br> *vs.* <br><br> **SIGMA LAMBDA GAMMA NATIONAL SORORITY, INC.,** <br><br> *Defendant.* | Civil No. _____ <br><br> **COMPLAINT** <br> **and** <br> **JURY DEMAND** |

The Plaintiffs, by and through their attorneys, Puryear Law P.C., hereby file their Complaint and Jury Demand under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981 for damages suffered as a result of the Defendant's racial discrimination, disability discrimination, and retaliation. In support of their Complaint, the Plaintiffs respectfully state the following:

## I. Parties

1.     The Plaintiff, Lannette Richardson, is an individual who, at the time of the incident, was a citizen of the State of Louisiana.

2.     The Plaintiff, Mikekena Richardson, is an individual who, at the time of the incident, was a citizen of the State of Iowa.

3.     The Defendant, Sigma Lambda Gamma National Sorority, Inc. (SLG) is an Iowa Corporation with a home office in North Liberty, Johnson County, Iowa. At the time of the

allegations it was operating Iowa City, Iowa. Its registered agent's address is 1075 Highway 1 West, Iowa City, Iowa 52246.

## II. Jurisdictional Statement

4.      Jurisdiction of this Court is invoked under 28 U.S.C. § 1331, as this action arises out of the laws of the United States in that it alleges causes of action under 42 U.S.C. § 1981 and Title VII of the Federal Civil Rights Act of 1964.

5.      The Court further has jurisdiction under 28 U.S.C. § 1343 (3) and (4) which gives district courts jurisdiction over actions to secure civil rights extended by the United State government.

6.      The Court further has jurisdiction under 28 U.S.C. § 1367, which gives the district court supplemental jurisdiction over state law claims.

7.      Venue is proper pursuant to 28 U.S.C. § 1391, as this is the "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred …."

## III. Exhaustion of Administrative Procedures

8.      The Plaintiffs have complied with procedural requirements in that the filed a Complaint with the Equal Employment Opportunity Commission and the Iowa Civil Rights Commission (ICRC), and they commenced this action within 90 days of the date of the issue date of such Notice of Right to Sue by the Iowa Civil Rights Commission (*See* Attachment 1 Lannette, Attachment 2 Mikekena, attached here and incorporated as if fully set forth below).

9.     As of the filing date of this Complaint, the Plaintiffs have requested but not received the Notice of Right to Sue from the Equal Employment Opportunity Commission, but it is their understanding that they will adopt the findings of the Iowa Civil Rights Commission and the Plaintiffs will supplement and amend this Complaint with those Notices when received in accordance with and as allowed by existing case law.

## IV. Factual Allegations

10.     Plaintiff Lannette Richardson began her employment with the Defendant organization in June 2014 as a volunteer Board of Director and was re-elected to serve on the Board in 2016 and again in 2018.

11.     The Plaintiff Lannette Richardson was appointed Chairwoman of the Board in September 2018 and continued to serve in that role until April 2020.

12.     The Plaintiff Mikekena Richardson began her employment with the Defendant SLG in June 2019 as Managing Director of Compliance and Risk Management.

13.     The Plaintiff Lannette Richardson is an African-American female.

14.     The Plaintiff Mikekena Richardson is an African-American who was born female and identifies as non-binary and lesbian. These facts were known to the Defendant SLG and its members.

15.     At all times during her employment the Plaintiffs were qualified and able to perform the work that they were expected to perform.

COMPLAINT AND JURY DEMAND

16.    Throughout the course of their employment, the Plaintiffs appropriately and professionally performed their duties.

17.    In October 2019 and multiple times thereafter, the Plaintiff Mikekena Richardson complained of mistreatment on account of race and disability within the organization.

18.    During the time that followed and prior to her complaint to the Iowa Civil Rights Commission, the Plaintiff Mikekena Richardson experienced harassment and mistreatment from supervisors including but not limited to excessive supervision, unfair scheduling restrictions applied only to her, discriminatory discipline, and reduction in her employment responsibilities and duties.

19.    The Plaintiff Mikekena Richardson has been diagnosed with Anxiety Unspecified, Post Traumatic Stress Disorder, and Persistent Depressive Disorder. The Defendant SLG was made aware of this and the need for reasonable scheduling and work accommodations.

20.    Ultimately, however, the Defendant SLG failed to provide the Plaintiff Mikekena Richardson with the requested accommodations, even where the company provided similar accommodations to other similarly-situated employees.

21.    The Plaintiff Lannette Richardson, similarly, experienced unfair treatment on account of her race.

22.    The Plaintiff Lannette Richardson was kept out of meetings following the submission of the Plaintiff Mikekena's internal complaints.

23.     Following the submission of the Plaintiff Mikekena's complaint to the ICRC on January 17, 2020, the Plaintiff Lannette Richardson experienced further being left out of meetings in violation of protocol. This included but was not limited to the appointment of a new Interim Director without including the Plaintiff Lannette Richardson in the process.

24.     On February 21, 2020, the Plaintiff Lannette Richardson was informed that the Alumnae Directors wished to have a "Special Meeting" to discuss her "behavior as Chair." However, the Plaintiff Lannette Richardson had done nothing to warrant this and her behavior had been entirely consistent with professional expectations.

25.     The issues for which both of the Plaintiffs received reduction in their responsibilities and involvement within the organization were the sort of issues that similarly-situated white employees would not have received discipline or reductions.

26.     Furthermore, the actions taken with regard to the Plaintiff Lannette Richardson's involvement in meetings and her role as Chair were done in retaliation for the properly submitted complaint by the Plaintiff Mikekena Richardson internally and to the ICRC.

27.     It is appropriate for the Court to assess punitive damages against the Defendant under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981, as the Defendant's actions in contributing to disability, racial discrimination, and retaliation were wanton and malicious, with reckless disregard for the Plaintiff's rights, and that punitive damages should be awarded to the maximum extent available for the number of employees employed by the Defendant.

28.     It is appropriate to award the Plaintiffs with reasonable attorneys fees and costs under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981.

## Count I
## <u>Racial Discrimination under Title VII of the Civil Rights Act</u>

29.     The Plaintiffs incorporate and reasserts the allegations set forth in the preceding paragraphs as though they were fully set forth herein.

30.     The Defendant company discriminated against the Plaintiffs on account of their race in several ways during the course of their employment with the Defendant company, including providing then with worse work assignments, failing to provide them with available work, and failing to apply the same standards to them as other, similarly situated workers.

31.     Ultimately, the Plaintiffs were disciplined or removed from their positions by the Defendant employer on account of their race where similarly situated coworkers were not.

32.     These actions on the part of the Defendant employer constitute unlawful racial discrimination in employment under Title VII of the Civil Rights Act.

33.     Plaintiffs seek an award of damages from the Defendant for compensatory damages, punitive damages, prejudgment interest, post-judgment interest, costs, reasonable attorney's fees, injunctive relief, and such other relief as the Court may find appropriate.

## Count II
## <u>Racial Discrimination under the Iowa Civil Rights Act</u>

34.     The Plaintiffs incorporate and re-alleges the foregoing paragraphs of this Complaint as if fully set forth here.

35.     As set forth above, the Defendant company discriminated against the Plaintiffs on account of their race.

36.    This conduct constitutes unfair and discriminatory practices under the Iowa Civil Rights Act.

37.    Plaintiffs seek an award of damages from the Defendant for compensatory damages, punitive damages, prejudgment interest, post-judgment interest, costs, reasonable attorney's fees, injunctive relief, and such other relief as the Court may find appropriate.

### Count III
### Disability Discrimination under Federal Law (Mikekena Richardson)

38.    The Plaintiffs incorporate and restates each of the above paragraphs as if fully set forth herein.

39.    The Plaintiff Mikekena Richardson is a "qualified individual with a disability" as defined by 42 U.S.C. §12131(2).

40.    The Defendant company was aware of the Plaintiff's physical limitations, and was able to provide reasonable accommodations for those limitations.

41.    Despite being able to provide reasonable accommodations, and despite providing the very same accommodations for Plaintiff's other coworkers, the Defendant company refused to provide similar accommodations to the Plaintiff.

42.    Accordingly, the Defendant company has discriminated against the Plaintiff on account of the Plaintiff Mikekena Richardson's disability.

43.    As a result of the Defendant's illegal acts and omissions, the Plaintiff Mikekena Richardson has in the past and will in the future suffer injuries and damages, including but not limited to mental and emotional distress, fear, anguish, humiliation, intimidation, embarrassment, physical sickness, loss of enjoyment of life, medical expenses, lost wages, benefits, future earnings, and other benefits of employment.

## Count IV
### Disability Discrimination under the Iowa Civil Rights Act (Mikekena Richardson)

44.    The Plaintiff Mikekena Richardson incorporates and re-alleges the foregoing paragraphs of this Complaint as if fully set forth here.

45.    As set forth above, the Defendant company discriminated against the Plaintiff Mikekena Richardson by failing to accommodate the Plaintiff's disabilities.

46.    The Plaintiff was able to perform the job duties and essential functions with reasonable accommodations.

47.    The Defendant failed to accommodate the Plaintiff Mikekena Richardson's requested reasonable accommodations in violation of the Iowa Civil Rights Act.

48.    The Defendants failed to engage in good faith in an interactive process with the Plaintiff to assist the Plaintiff in accommodating the known disabilities in violation of the Iowa Civil Rights Act.

49.    The Plaintiff Mikekena Richardson's disability was a motivating factor in the Defendant's discrimination.

50.     As a result of the Defendant's illegal acts and omissions, the Plaintiff Mikekena

Richardson has in the past and will in the future suffer injuries and damages, including but not

limited to mental and emotional distress, fear, anguish, humiliation, intimidation, embarrassment,

physical sickness, loss of enjoyment of life, medical expenses, lost wages, benefits, future

earnings, and other benefits of employment.

## Count V
## Retaliation under Federal Law (Lannette Richardson)

51.     The Plaintiff Lannette Richardson incorporates and re-alleges the foregoing

paragraphs of this Complaint as if fully set forth here.

52.     As set forth above, the Defendant company discriminated against the Plaintiff

Lannette Richardson by reducing her involvement and duties in response to the Plaintiff

Mikekena Richardson's internal complaints and the complaint later cross-filed with the ICRC

and the EEOC.

53.     These actions were taken by the Defendant SLG in response to the Plaintiff

Mikekena Richardson's complaints that lawfully opposed actions (racial and disability

discrimination) in violation of Title VII.

54.     Accordingly, the Defendant's actions toward the Plaintiff Lannette Richardson

constituted illegal retaliation under 42 U.S. Code § 2000e–3(a).

55.     The Plaintiff Lannette Richardson seeks an award of damages from the Defendant for compensatory damages, punitive damages, prejudgment interest, post-judgment interest, costs, reasonable attorney's fees, injunctive relief, and such other relief as the Court may find appropriate.

## Count VI
## Retaliation under the Iowa Civil Rights Act (Lannette Richardson)

56.     The Plaintiff Lannette Richardson incorporates and re-alleges the foregoing paragraphs of this Complaint as if fully set forth here.

57.     As set forth above, the Defendant company discriminated against the Plaintiff Lannette Richardson by reducing her involvement and duties in response to the Plaintiff Mikekena Richardson's internal complaints and the complaint later cross-filed with the ICRC and the EEOC.

58.     These actions were taken by the Defendant SLG in response to the Plaintiff Mikekena Richardson's complaints that lawfully opposed actions in violation of Iowa Code § 216.

59.     Accordingly, the Defendant's actions toward the Plaintiff Lannette Richardson constituted illegal retaliation under Iowa Code § 216.11(2).

60.     The Plaintiff Lannette Richardson seeks an award of damages from the Defendant for compensatory damages, punitive damages, prejudgment interest, post-judgment interest, costs, reasonable attorney's fees, injunctive relief, and such other relief as the Court may find appropriate.

**Wherefore**, the Plaintiffs respectfully pray that this Court enter judgment against the Defendant for the following:

a. Compensatory damages in an amount in excess of $50,000, exclusive of costs and interest;

b. Punitive damages against the Defendant in whatever amount the Plaintiffs are found to be entitled.

c. An order placing the Plaintiffs in the position that they would have been in had there been no violation of their rights.

d. An order restraining/enjoining the Defendant company from further acts of discrimination or retaliation.

e. An award of interests, costs, and reasonable attorney's fees.

f. Such other and further relief as this Honorable Court deems equitable and just.

## Jury Demand

61.    The Plaintiffs hereby demand a trial by jury in this matter.

Respectfully submitted,
**Lannette Richardson and
Mikekena Richardson**, the Plaintiffs

By: _____
    Eric S. Mail, AT0011435

11

**PURYEAR LAW P.C.**
3719 Bridge Avenue, Suite 6
Davenport, Iowa 52807
(p)     563.265.8344
(f)      866.415.5032
mail@puryearlaw.com
eric@puryearlaw.com

*One of the Attorneys for the Plaintiffs*

# C E R T I F I C A T I O N

In accordance with 28 U.S. Code § 1746(2), I verify under penalty of perjury that the foregoing is true and correct.

____12/2/2020_____
Date

____12/2/2020_____
Date

Lannette Richardson, one of the Plaintiffs

Mikekena Richardson, one of the Plaintiffs